UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20557-CR-MOORE

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LAVONT FLANDERS,

       Defendant.

_____/

## SENTENCING MEMORANDUM FOR LAVONT FLANDERS

The defense respectfully submits this document to aid the Court's determination of an appropriate sentence for Mr. Lavont Flanders (hereinafter "Mr. Flanders"). This memorandum is a request for a variance, pursuant to *United States v. Booker*, 553 U.S. 220 (2005), below the bottom of the United States Sentencing Guidelines.  The factors delineated in 18 U.S.C. § 3553(a) provide the Court with a basis to sentence Mr. Flanders to below the bottom of his guidelines range.

The defense seeks a sentence "sufficient but not greater than necessary" to accomplish the stated goals [in §3553(a)(2)]. There is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" [§3553(a)(6)], and the need "to promote respect for the law, and to provide just punishment for the offense" [§3553(a)(2)(A)]. *United States v. Ranum*, 353 F.Supp.2d at 987 (E.D.Wisc. 2005). Reasonableness is the over arching factor to determine a sentence and the guidelines are only one element of determining what is reasonable. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).

The standards governing departures do not bind a district court when employing its discretion with respect to variances. *United States v. Chase*, 560 F.3d 828 (8th Cir. 2009). Courts have reduced sentences by up to a third and this has been found reasonable. *United States v. Jenkins*, 537 F.3d 1(1st Cir. 2008). Up to an eight level departure downward from the guidelines has been deemed reasonable. *United States v. Menyweather*, 431 F.3d 692 (9th Cir. 2005).

### The Nature and Circumstance of the Offense

Mr. Flanders did not receive anything of value in exchange for his actions in this case. He was not paid by his co-Defendant for his work. None of the victims in this case have been diagnosed with any mental illness or disease as a result of Mr. Flanders actions. None of the victims contracted any sexually transmitted diseases as a result of Mr. Flanders actions. None of the victims were forced against their will to originally meet with Mr. Flanders. None of the victims were physically harmed by Mr. Flanders actions.

### The History and Characteristics of the Defendant

Mr. Flanders is the son of Lavont Flanders Sr. and Rose Flanders. His mother died when Lavont was just a little boy. He was raised by his father, who works as a bus driver for Miami-Dade County. Mr. Flanders has two siblings, Darrell Flanders, who also works as a bus driver for Miami-Dade County and Lakeitha Flanders, who is a police officer for the City of Miami.

Mr. Flanders had a normal childhood culminating in his graduation from high school in Tallahassee, Florida in 1990. After high school he relocated to the Miami area, where he continued to reside until his arrest on the underlying case. In 2000, he married Pamela Lynnette Alvin, and they had two children, Lavont Flanders III (16 years old) and Lauren Flanders (10 years old). The couple divorced in 2004, but they maintain an amicable relationship.

Mr. Flanders worked as a police officer for both the Opa-Locka Police Department and

the Miami Beach Police Department in the 1990's. Mr. Flanders was terminated by the Miami Beach Police Department and never worked in law enforcement again afterwards. From approximately 2002 to 2007, Mr. Flanders worked as a bus driver for Miami-Dade County. From approximately 2007 to 2011, Mr. Flanders was unemployed and living with his brother, Darrell Flanders.

Mr. Flanders is a member of the Mount Herman African Methodist Episcopal Church. As evidenced by the many letters in support of Mr. Flanders attached to this memorandum, he is a loving son, brother, father, cousin, nephew and friend. He is not the villain the government is making him out to be. Instead he is a caring human being, who makes time for others and would never intentionally harm anyone.

Mr. Flanders has never been convicted of any criminal offense in any jurisdiction in these United States of America. Although, he has had several different run ins with law enforcement, none of the allegations until now have ever been substantiated. Mr. Flanders is now 41 years old. He is not the career criminal that the Government is trying to make him out to be. He is a decent law abiding citizen, who because of his lack of employment made a terrible mistake in getting involved in the porn business with his friend and co-Defendant, Emerson Callum.

### The Seriousness of the Offense

Although the allegations in the underlying case are serious and are punishable by up to life in prison, the actual offense conduct is not as serious as most crimes with similar possible punishments. The offenses herein did not involve the use of firearms, the use of dangerous weapons, the use of actual physical force or the physical injury to others.

The offense conduct proven by the government amounts to nothing more than fraud. The allegations that these victims were unconscious when raped and will be perpetual victims is

unfounded. In fact, the victim S.C. stated at trial that she still did not know whether there was a video of her engaging in sexual relations with the co-Defendant, Emerson Callum. While the victims A.T. and C.S. both testified that only one friend each had seen the sex scenes and had informed them about there existence.

Moreover, none of the victims testified that they were in fact unconscious, rather they simply stated that they did not remember engaging in the sexual intercourse. The videos introduced at trial further illustrate that none of these girls were actually unconscious during the sex scenes. The victims all admitted to voluntarily drinking copias amounts of alcohol immediately prior to engaging in these sex acts. Given this testimony, is it really any wonder that they did not remember engaging in the sex acts.

### Promoting Respect for the Law

The circumstances of this particular case do not warrant an overly lengthy prison sentence. Imposing the 262 to 327 month guidelines, as alleged by the Probation Office and Government, would not serve the purpose of promoting respect for the law. That range is unnecessary given the facts that Mr. Flanders did not benefit financially from his alleged crimes, did not actually engage in sexual relations himself with the victims and did not package or sell the commercial videos himself.

A below guideline sentence of 15 calendar years or 180 months is more than enough to promote the respect for the laws of our country. Mr. Flanders was himself a law enforcement officer and his sister is currently in law enforcement. His father and brother work for the county. Mr. Flanders already has a great respect for the laws of our country. The government has made a big deal out of the fact that Mr. Flanders was originally charged in Broward County State Court, and continued conducting his fraud while on release pending trial. However, another argument

they neglect to make is that although Mr. Flanders was facing many years in prison in State Court, he never attempted to flee the jurisdiction. This illustrates his respect for the rule of law.

### Providing Just Punishment for the Offense

While the Court may impose a sentence above the guidelines range or within the guidelines range, Mr. Flanders would still be substantially punished by a sentence below the guidelines range. According to the Pre-Sentence Investigation Report, Mr. Flanders guidelines range is 262 to 327 months based on an Offense Level of 39 and a Criminal History Category of I. Other Defendants convicted under 18 U.S.C. 1591 have not received such lengthy sentences.

### Adequate Deterrence to Criminal Conduct

Looking at Mr. Flanders history, it would serve no purpose to the taxpayers of our nation to house Mr. Flanders for even a day longer than is necessary to see a just punishment levied against him. The bottom of the guidelines range greatly exceeds what is necessary when compared to the actual allegations involved in this case. A sentence of 180 months is more than enough to serve as a deterrence to Mr. Flanders.

By the time of his release he would be well over fifty (50) years old. All of the research on recidivism, in particular in cases involving sexual crimes, indicates that as offenders reach the age of fifty (50), there criminal behavior begins to wane. A stiff prison sentence of 180 months would deter Mr. Flanders from further crime.

### Protecting the Public from Further Crimes of the Defendant

Additional years in our federal prison system, beyond those needed to meet the § 3553 factors, would not serve to protect the public. Accordingly, the public will be more than adequately protected by a sentence below the bottom of the guidelines range. The lesson learned

from a prison sentence of 180 months will be sufficient to protect the public, deter Mr. Flanders from future illegal conduct and place him back on track to becoming a productive member of society. Whereas, a sentence above the guidelines range or within the guidelines range may serve to be counter productive and produce an individual who may have been out of society too long to once again pick up his life and benefit those who count on him.

Upon release from prison, Mr. Flanders will have to comply with the Sex Offender Registration requirements as well as whatever other conditions of supervised release are imposed by the courts. If the Court restricts Mr. Flanders use of the internet, the likelihood of his being able to commit similar offenses to the incidents in question, appears to be quite remote. Moreover, given his tremendous ties to the community and strong family support the likelihood of him committing future crimes appears to be extremely low.

### CONCLUSION

A sentence of 180 months is reasonable in light of all of the facts and circumstances of this particular case and any sentence greater than 180 months would not serve to meet the goals of U.S.C. § 3553(a) and would run the risk of being overly harsh.

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed, sent via CM/ECF this 15th day of February, 2012 to Roy Altman, Esq., Office of the United States Attorney, 99 N.E. 4th Street, Miami, Florida, 33132; and Probation Officer Todd Eisinger, United States Probation Office, 400 North Miami Avenue, Miami, FL 33128.

Respectfully submitted,

**CHRISTIAN DUNHAM, P.A.**
**Attorney for Lavont Flanders**
40 NW 3rd Street, PH1
Miami, FL 33128
Tel: 305-374-7473
Fax: 305-374-3985
*S Christian Dunham*
CHRISTIAN DUNHAM
Florida Bar No. 0146587